UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA POPLAWSKI,<br><br>    Plaintiff,<br><br>  vs.<br><br>ERIC PEDERSEN, ROSE RICHARDSON; and DOLLAR TREE,<br><br>    Defendant. | No.<br><br>COMPLAINT |

I.    **INTRODUCTION**

On August 14, 2017, the King County Superior Court dismissed a first-degree arson charge against Linda Poplawski in case #16-1-07774-5 after her attorney discovered that Kent Police fire investigator Eric Pedersen willfully withheld exculpatory evidence, violating her rights under the Sixth Amendment.

Officer Pedersen arrested Ms. Poplawski nine months earlier on November 13, 2016, accusing her of starting a devastating fire at the Dollar Tree store on Pacific Highway South in Kent, Wash. Based on Officer Pedersen's investigation, the state charged Ms. Poplawski on

COMPLAINT
PAGE 1 of 10

November 16, 2016.

By at least November 19, 2016, Officer Pedersen had independent and compelling information pointing to a previously convicted arsonist entirely unconnected Ms. Poplawski, but he withheld that information from the defense team for the entirety of the prosecution. The defense team did not learn of this exculpatory evidence until nine months later, when it was on the brink of trial. Even then, the evidence was provided by Kent police only in response to a defense subpoena.

In response to that subpoena served directly on the Kent Police Department, Ms. Poplawski's defense team received this evidence on August 8, 2017, and brought it immediately to the attention of the prosecuting attorney, who dismissed the case.

As a result of this violation of her constitutional rights, Ms. Poplawski served about eight months in confinement under fear of criminal conviction for a Class A felony that she knew she did not commit.

II.   **PARTIES**

1. Plaintiff Linda Poplawski is a citizen of the United States and a resident of King County, Washington.

2. Defendant Eric Pedersen was a fire captain employed by the Puget Sound Regional Fire Authority (PSRFA) and/or the Kent Police Department (KPD) at all relevant times. Upon information and belief, Defendant Pedersen is believed to reside in the State of Washington. In committing the acts and omissions alleged, Defendant Pedersen was acting under color of state law

COMPLAINT
PAGE 2 of 10

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

and within the course and scope of his employment by PSRFA and also as an arson detective in the Kent Police Department. Defendant Pedersen is sued in his official and individual capacities.

3. John Does 1-5 are unknown agents of the City of Kent or the PSRFA and KPD. The residences of John Does 1-5 are unknown. Upon information and belief, John Does 1-5 reside in the State of Washington.

4. Defendant Rose Richardson was an employee of Dollar Tree in Kent, Washington, on November 13, 2016, and worked at that store on Pacific Highway South that day.

5. Dollar Tree is a corporation that does business in the state of Washington and that did business on Pacific Highway South in Kent, Washington, on November 13, 2016.

III. **JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and for a violation of Washington common law.

2. The court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 and under supplemental jurisdiction under 28 U.S. Code § 1367.

3. The claims arose in King County, Washington, rendering venue proper in the the Western District of Washington, Seattle courthouse, under 28 U.S.C. §1391(b)(2).

COMPLAINT
PAGE 3 of 10



4. Jurisdiction also is proper in this district because at least two defendants are residents of this district.

IV. **FACTS**

1. Linda Poplawski was shopping at the Dollar Tree store on Pacific Highway South in Kent, Washington, on November 13, 2016.

2. She is a long-time, frequent customer because of her restricted income and the store's proximity to her home in Des Moines, Washington. She was known to experienced staffers as a trouble-free customer.

3. Ms. Poplawski was shopping for food and cleaning products, as well as toys and coloring supplies for her grandchildren and the children of friends, whom she would host for playdates.

4. While browsing the store, Ms. Poplawski noticed that a fire started inside and alerted the staff to it.

5. Ms. Poplawski called 911 at 2:31:29 p.m., within four and a half minutes of the initial fire report to 911 at 2:27:01 p.m from the cell phone of one of the store employees.

6. Ms. Poplawski reported that smoke was filling the inside of the business from the back room, though she did not know what was on fire and saw no flames. Also, she noted that employees were evacuating the store.

7. When police and firefighters arrived to the scene, they interviewed the store employees.

COMPLAINT
PAGE 4 of 10


CARNEY GILLESPIE ISITT
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

8. Employee Rose Richardson, who was new to the job and was staffing the front register, told Defendant Pedersen that Ms. Poplawski on November 13 was upset about the lack of shopping carts available to customers and, because of that frustration, announced clearly and loudly that she intended to burn down the store.

9. Ms. Richardson reported that Ms. Poplawski then returned to the front of the store 90 seconds later to declare that the store was on fire.

10. Ms. Richardson later told defense interviewers that she was the only cashier at the time and that there were eight or nine customers in line.

11. Ms. Richardson also told defense interviewers that she saw a "Mexican guy or Hawaiian guy, him and his wife" in store at the same time.

12. Defendant Pedersen made no attempt to identify or interview any of the eight or nine customers who could have corroborated Ms. Richardson's allegation if she were telling the truth.

13. Defendant Pedersen neglected to discover that Ms. Richardson was a new employee on her first week.

14. On November 13, 2016, an anonymous caller to 911 offered information about the Dollar Tree fire.

15. The same day, KPD Officer Desjardin called back the number of the anonymous caller to follow up.

16. Officer Desjardin immediately documented the call and interview in the KPD electronic reporting system.



CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

17. A man who answered Officer Desjardin's call reported that a local man named Michael Poasa admitted starting a fire at Dollar Tree as a distraction from what he thought was staff suspicion of his actual attempt to shoplift from the store.

18. The caller gave a physical description of Poasa and reported that he was a dangerous gang member who used the moniker of Coconut. He also provided a location where Poasa was staying.

19. The caller said he had just encountered Poasa when he and a another person picked up Poasa on Pacific Highway South near Kent-Des Moines Road.

20. The caller quoted Poasa as saying in the car that "I was in the Dollar Tree arguing with my wife and I thought they knew I was stealing so I lit a small fire in the back to cause a distraction and then the whole back went up."

21. The caller said he withheld his name because he was afraid of Poasa.

22. After the call, Officer Desjardin investigated Poasa and found in "police databases" evidence of a Michael Poasa with gang ties, as described by the anonymous caller.

23. Officer Desjardin documented his involvement and the details of his brief investigation on November 13, 2016, by entering his report directly into the department's electronic investigation management system that day.

24. According to his handwritten notes, Defendant Pedersen reviewed the Desjardin report the next morning, November 14, 2016, at 7:15 a.m. He called Dollar Tree employees Richardson and Strong to ask them if they had

COMPLAINT
PAGE 6 of 10

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

seen anyone matching the description provided by the caller to whom Desjardin spoke. The employees said they had not.

25. Defendant Pedersen documented his brief follow-up investigation, but claimed in his report that he conducted the follow-up on November 19, 2016, by entering his report directly into the department's electronic investigation management system that day.

26. Defendant Pedersen failed to provide either his follow-up report or Officer Desjardin's report to the office of the King County Prosecutor with the rest of the investigation materials.

27. Defendant Pedersen's handwritten note about "Follow-up 11-14-16 on Conconut" was provided in discovery toward the end of the case, but that note did not reveal the nature of the inquiry.

28. The formal reports were not provided to Ms. Poplawski's defense attorney until August 8, 2017.

29. The reports were provided that day in response to a subpoena for production issued by Ms. Poplawski's defense lawyer directly to the Kent Police Department and served on July 31, 2017.

30. On August 14, 2017, the state moved to dismiss the criminal case against Ms. Poplawski because of "Evidentiary concerns and in the interest of justice."

31. The court granted the motion.

32. Ms. Poplawski spent the entirety of her criminal case in complete or partial

COMPLAINT
PAGE 7 of 10

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

confinement.

V. **CLAIMS**

    A. **SIXTH AMENDMENT "*BRADY*" VIOLATION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT PEDERSEN**

        1. Defendant Pedersen acted under color of state law with deliberate indifference to deprive Ms. Poplawski of her constitutionally protected right to receive any exculpatory evidence;

        2. The actions of Defendant Pedersen were the direct and proximate cause of damages to Ms. Poplawski as alleged in this Complaint.

    B. **MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT PEDERSEN**

        1. Defendant Pedersen instituted a criminal prosecution against Plaintiff;

        2. There was no probable cause for the institution or continuation of the prosecution;

        3. The prosecution was instituted or continued through malice;

        4. The prosecution was instituted or continued for the purpose of depriving Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution;

        5. The prosecution was terminated or abandoned in favor of Plaintiff; and

        6. Plaintiff suffered injury or damage as a result of the prosecution.

    C. **DEFAMATION BY DEFENDANTS RICHARDSON AND DOLLAR TREE UNDER WASHINGTON STATE COMMON LAW**

COMPLAINT
PAGE 8 of 10



1. Defendant Richardson made a provably false statement about Ms. Poplawski to a Kent police arson investigator that Ms. Poplawski declared an intent to set fire there to the Dollar Tree premises where Richardson worked in Kent, WA, on November 13, 2016;

2. The statement was unprivileged;

3. Defendant Richardson was at fault for the statement that she made;

4. Defendant Richardson's statement about Ms. Poplawski caused damages to her by precipitating her incarceration; and

5. Defendant Dollar Tree is vicariously liable for the defamation by Defendant Richardson, an employee.

## VI.  JURY DEMAND

Plaintiff demands a trial by jury.

## VII.  RELIEF

Plaintiff requests the following relief:

1. Judgment in an amount to be proven at trial against Defendants.
2. An award of taxable costs and attorneys fees.
3. Such other relief as the court deems just and equitable.

Date: November 27, 2018.

By Carney Gillespie Isitt PLLP, Attorneys for Plaintiffs:

s/Sean P. Gillespie
s/Sean P. Gillespie, WSBA #35365
Sean.Gillespie@CGILaw.com

COMPLAINT
PAGE 9 of 10



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

        s/Christopher R. Carney
        Christopher R. Carney, WSBA #30325
        christopher.Carney@CGILaw.com

        s/Kenan L. Isitt
        Kenan L. Isitt, WSBA #35317
        kenan.Isitt@CGILaw.com

        Carney Gillespie Isitt PLLP
        600 1st Ave., Suite LL08
        Seattle, WA 98104
        Phone & Fax: (206) 445-0220

COMPLAINT
PAGE 10 of 10

